# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:04-CR-38** |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **DOLPH PINKERMAN,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 12th day of March, 2018, upon consideration of the government's motion (Doc. 63) for partial remittance of restitution pursuant to 18 U.S.C. § 3573, wherein the government requests this court permit defendant Dolph Pinkerman ("Pinkerman") to pay $425,000 to victims Ingram Micro Logistics ("Ingram") and CHUBB Group of Insurance Co. ("CHUBB Group")[1] and remit the remainder of Pinkerman's restitution obligation, (Doc. 63 ¶ 14), which motion is unopposed by Pinkerman, (id. at 5), and further upon consideration of the proposed settlement agreement, (id. at 15-18), wherein victims Ingram and CHUBB Group agree to accept an immediate lump sum payment of $425,000 and release Pinkerman from the remaining restitution balance owed, (id.), and it appearing that "a court may not substantively alter a judgment without specific authorization," United States v. Bennett, 423 F.3d 271, 277 (3d Cir. 2005) (quoting United States v. DeLeo, 644 F.2d 300, 301 (3d Cir. 1981) (per curiam)), and that Section 3573 permits

---

[1] Pinkerman pled guilty to one count of conspiracy to engage in theft from interstate shipment in violation of 18 U.S.C. § 371. (See Doc. 1; Doc. 6; Doc. 42 at 1). The court imposed a restitution judgment on Pinkerman and two codefendants in the joint and several amount of $896,154.39, apportioned among three victims as follows: (1) Ingram Micro Logistics ($185,062.75); (2) Ron Shirk Shooting Supplies ($11,091.64); and (3) CHUBB Group of Insurance Co. ($700,000). (Doc. 42 at 6-7).

a court to "remit all or part of the unpaid portion of [a] fine or special assessment, including interest and penalties" upon a motion by the government showing that "reasonable efforts" to collect said fine or assessment are "not likely to be effective," 18 U.S.C. § 3573(1), and the court observing that Pinkerman's restitution obligation will expire in 2027, twenty (20) years from the date of his release from incarceration, see 18 U.S.C. § 3613(b); (Doc. 63 ¶ 5), and the government representing that Pinkerman is "unable to substantially increase the amount of his monthly $100.00 payments,"[2] (Doc. 64 at 3), and that at this rate of contribution the victims will receive less than $20,000 of the outstanding restitution obligation by 2027, (id. at 4-5), and court having confirmed with the Clerk of Court and confirmed restitution to the third victim, Ron Shirk Shooting Supplies, has been paid in full, (see also Doc. 63 at 14), and the court finding that the government has shown that reasonable efforts to collect the full restitution amount are not likely to be effective, see 18 U.S.C. § 3573(1), it is hereby ORDERED that:

1. The government's motion (Doc. 63) for partial remittance of Pinkerman's restitution obligation is GRANTED.

2. Pinkerman shall forthwith remit $425,000 to victims Ingram Micro Logistics and CHUBB Group of Insurance Co. in accordance with the terms of the settlement agreement (Doc. 63 at 15-18). Pinkerman is further directed to provide the Clerk of Court with proof of payment.

---

[2] Pinkerman does not presently have sufficient assets to increase his monthly restitution payment. He proposes to fund the requested restitution payment with loans. The government represents that the "compromise amount" of $425,000 in restitution will be financed, in part, by (1) a $175,000 loan from a family member's IRA, and (2) a bank loan of $200,000. (Doc. 64 at 5).

3. The Clerk of Court is DIRECTED to mark Pinkerman's restitution obligation satisfied in full upon receipt of proof of payment in accordance with paragraph 2 *supra*.

      /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania